# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Yausmenda Freeman, | Case No. 2:25-cv-00006-JAD-BNW |
| Plaintiff | |
| v. | **Order Denying Motions** |
| Clark County, Nevada, et al., | ECF Nos. 9, 12 |
| Defendants | |

Yausmenda Freeman brings this civil-rights action to redress her April 2, 2024, traffic stop and everything that happened in the legal process that followed it. This case was randomly assigned to the undersigned district judge and to Magistrate Judge Brenda Weksler. Freeman immediately moved for Judge Weksler to recuse from this case based on the fact that she is also the magistrate judge assigned to one of Freeman's other cases.[1] Because that is not a valid legal basis for recusal, Judge Weksler denied the motion.[2] Freeman now moves this district court to disqualify Judge Weksler, and she has filed an "ex parte motion to compel ruling on" her *in forma pauperis* application and requests that the screening of her complaint be performed by this district court or the Chief Judge of this district "in light of extended delays and potential due process concerns."[3]

---

[1] ECF No. 3.
[2] ECF No. 4.
[3] ECF No. 12.

1

Because the belief that this case is being delayed forms a basis for both of Freeman's requests, I address it first. This case has not been the subject of delays, let alone extended delays. The litigation process is slow for everyone because this court gets thousands of cases each year with tens of thousands of motions that must be decided. When any plaintiff files a complaint and applies to proceed *in forma pauperis*, the litigation process has an even slower start because 28 U.S.C. § 1915(e)(2) requires that the complaint be screened to determine if any claim is subject to dismissal.[4] The screening process is thorough and takes significant time, and hundreds of complaints get in the queue for screening under this process each year. The initial screening process typically takes between eight and twelve months. When the court has to decide additional motions in the case before it can get to the screening process, that time frame gets stretched out even longer.

It has been just four months since Freeman filed her complaint, and she's filed five motions that have required the assigned judges to issue rulings.[5] Plus, Freeman's complaint is unusually voluminous. It's 55 pages long and consists of 274 numbered paragraphs and even more subparagraphs across eleven claims for relief.[6] Its size requires the magistrate judge to expend an extraordinary amount of time and resources on

---

[4] *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."); *accord*, *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

[5] *See* ECF Nos. 3, 5, 6, 9, 12.

[6] ECF No. 1-1.

its screening. As a result, the screening process for Freeman's complaint will take more time than the typical pro se complaint.

All this is to say that this case is not being ignored—far from it. But any expectation that it should be through the screening process already or will be screened in the immediate future will not be met. While this court is sympathetic to frustrations over the slow pace of justice, this is simply the reality of the process. This case is in the queue and will be screened in the normal course; there is nothing about this case that merits expedited or special treatment. So Freeman's request that to compel screening and a ruling on her *in forma pauperis* application by this judge or the Chief District Judge is denied.

Nor has Freeman established a valid basis to disqualify Magistrate Judge Weksler from this case. It is not unusual for the same judges to get assigned multiple cases by a single plaintiff—it happens all the time and is just the nature of the random-assignment system. Freeman has filed nearly a dozen actions in this court, so the fact that Judge Weksler is the magistrate judge assigned to more than one of them is neither unusual nor a basis for her to recuse.

As a secondary reason that Judge Weksler should be removed from this case, Freeman says that "[t]here appears to be coordinated timing" between one of her rulings and action taken by the state-court judge in a case that Freeman has pending in Nevada's Eighth Judicial District Court.[7] As Freeman explains it, that action "had no movement in

---

[7] ECF No. 9 at 3.

3

it until after Magistrate Judge Weksler issued" a minute order in this case. This, Freeman suggests, "raises concern with the appearance of impropriety, undue influence, retaliation, collusion, and unreasonable delay."[8] But Freeman has established nothing more than a timing coincidence between the two actions, and no facts support the conclusion that something more occurred. So this, too, fails to establish a basis for removal.

      As a final point, Freeman argues that her request for Judge Weksler to recuse should have been decided by me, not the magistrate judge herself.[9] But the law does not support this assertion. The Ninth Circuit "ha[s] held repeatedly that the challenged judge [her]self should rule on the legal sufficiency of a recusal motion in the first instance."[10] So Freeman's challenge to Judge Weksler's continued handling of this case was appropriately decided in the first instance by Judge Weksler herself.

      IT IS THEREFORE ORDERED that Plaintiff's Ex Parte Motion to Disqualify Magistrate Judge Pursuant to 28 U.S.C. §§ 144 and 455 and Request for District Judge Review of Order Denying Disqualification Pursuant to Fed. R. Civ. P. 72(a) **[ECF No. 9] is DENIED**;

      IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion to Compel Ruling on *in Forma Pauperis* Application and Screening of Complaint with Request for

---

[8] *Id*.

[9] *Id*. at 5.

[10] *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986).

Oversight by Presiding Judge and/or Chief Judge **[ECF No. 12] is DENIED.** The application to proceed *in forma pauperis* will be decided, and the complaint will be screened, by Magistrate Judge Weksler in the normal course.

_____
U.S. District Judge Jennifer A. Dorsey
May 5, 2025

5