**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Yasumeda Freeman,

                Plaintiff,

    v.

Clark County, et al.,

                Defendants.

Case No. 2:25-cv-00006-JAD-BNW

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff brings suit against several defendants alleging they violated her constitutional rights. Plaintiff filed a motion to proceed *in forma pauperis*. ECF No.1. She submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Her request to proceed *in forma pauperis* (ECF No. 1) will, therefore, be granted. This Court next screens Plaintiff's complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

## I.    Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law' and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (citation omitted).

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362, 371, 376 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

## II.    Screening the Complaint

Plaintiff's complaint arises from a speeding citation issued to her on April 2, 2024, by Las Vegas Metropolitan Police Department Officer Michael Springer, which she attempted to contest. Plaintiff alleges she filed a motion to dismiss challenging the court's jurisdiction. She claims court personnel and judicial officers mishandled or altered filings, rejected her motions, issued a default judgment, and failed to provide notice of orders. She also alleges that her filings were altered (including removal of her signature), docket entries were inaccurate, and court records

were temporarily removed from public access. The claims that follow are largely based on those alleged procedural irregularities in the handling of the traffic case.

Plaintiff asserts the following claims: (1) denial of access to courts under the Fourteenth Amendment, (2) a violation of the Equal Protection Clause under the Fourteenth Amendment, (3) violation of her procedural due process rights under Article 1, Section 8 of the Nevada Constitution (4) violation of Article 1, Section 21 of the Nevada Constitution and (5) fraud on the court, (6) tampering with public records, (7) civil RICO, (8) abuse of power,  (9) fraudulent misrepresentation, (10) malfeasance, and (11) misfeasance. She seeks monetary, equitable, and injunctive relief.

### I.    Claims against Defendant Clark County Justice Court

At the outset, this Court notes Plaintiff names Clark County Justice Court as a Defendant in her complaint. Justice Courts are "arms of the state" of Nevada and are entitled to sovereign immunity from damages. *Williams v. Feldman*, No. 222CV01675APGNJK, 2023 WL 36190 (D. Nev. Jan. 3, 2023) (collecting cases). As a result, this Court recommends that claims against this Defendant be dismissed with prejudice as amendment would be futile.

### II.    Claims against Defendants Clark County and Las Vegas Metropolitan Police Department

Next, Plaintiff names Clark County and Las Vegas Metropolitan Police Department as Defendants. A municipality (such as Clark County) or a municipal entity (such as METRO) may be liable under § 1983 only if the municipality itself caused the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). Thus, to state a claim against these Defendants, Plaintiff must allege that she suffered a constitutional deprivation that was caused by a policy or custom attributable to Clark County or Metro. But the complaint simply alleges conclusory allegations of systematic conduct—it does not identify a policy or ordinance or specify a pattern of similar conduct. As a result, claims against these Defendants will be dismissed with leave to amend.

//

//

### III.    1983 claims
#### A. Claim No. 1: Access to courts under the Fourteenth Amendment due process clause

The right of access to courts is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011). Claims for denial of access to courts may arise from either the frustration of "a litigating opportunity yet to be gained" (a forward-looking claim), or from "an opportunity already lost" (a backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 413–14 (2002). In either case, "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Id*. at 414–15. In any access-to-courts claim, a plaintiff must allege: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with [Rule] 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a plain statement describing the "remedy available under the access claim and presently unique to it." *Id*. at 415–18.

Plaintiff alleges that after she was cited for speeding, she filed a motion to dismiss for lack of jurisdiction. She further alleges Defendants improperly rejected or failed to acknowledge the motion. She further alleges that despite her filing the motion, the court entered a default judgment against her without providing a meaningful opportunity to be heard. Plaintiff also claims that defendants failed to provide adequate notice of rulings on her motions, created confusion regarding the nature and venue of the proceedings by sending correspondence from different court divisions, and otherwise mishandled the docket and processing of her filings. According to Plaintiff, these actions deprived her of notice and a fair opportunity to present her jurisdictional defense in the traffic case, resulting in the loss of meaningful access to the courts and causing emotional, reputational, and financial harm. Thus, Plaintiff has sufficiently alleged facts to support this claim.

Of note, Plaintiff does not identify which specific individuals are responsible for this alleged violation in the section following her first claim; instead, she attributes the claim generally to "Defendants" without differentiation.

Out of the remaining Defendants, it is not clear what connection (if any) Kevin McMahill, Michale Springer, or Steve Wolfson could possibly have with this claim. As a result, this claim against these Defendants will be dismissed. But Plaintiff will be given leave to amend should she be able to connect the allegations giving rise to this claim to these Defendants.

Lastly, this Court turns to Defendants Cynthia Cruz (judge), David Brown (hearing master), Jessica Gurely (court clerk) and Charles Mapp (court clerk). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986); *see also Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks enjoy absolute quasi-judicial immunity "when they perform tasks that are an integral part of the judicial process"). Most of the allegations reflect procedural irregularities performed in the scope of the different Defendants' judicial duties. The remaining allegations are conclusory in nature and, at bottom, do not state forth that that the judges or clerks acted outside the scope of their judicial or quasi-judicial roles. As a result, this Court will dismiss this claim with leave to amend.

### B. Claim No. 2: Equal protection under the Fourteenth Amendment

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Jensen v. Brown*, 131 F.4th 677, 700 (9th Cir. 2025). "An equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff does not claim that she was discriminated against based on her membership in any protected class. Instead, she alleges that she was "treated differently than similarly situated individuals." But this is not a sufficient to state an Equal Protection claim. As a result, this Court will dismiss this claim with leave to amend.

### C. Claim Nos. 3 and 4: violations of Nevada State Constitution

When a violation of state law causes the deprivation of a right protected by the United States Constitution, that violation may form the basis for a Section 1983 action. *Hallstrom v. City*

*of Garden City*, 991 F.2d 1473, 1482 n.22 (9th Cir. 1993) (holding that the violation of a state law requiring a post-arrest hearing before a magistrate judge constituted a cause of action under Section 1983).

Claim number three alleges a violation of Article 1, Section 8 of the Nevada State Constitution, which, like the Fourteenth Amendment to the U.S. Constitution, provides that, inter alia, "[n]o person shall be deprived of life, liberty, or property, without due process of law." Claim number four alleges a violation of Article 1, Section 24 of the Nevada State Constitution, which, like the Fourteenth Amendment to the U.S. Constitution, provides that equality of the law will not be denied or abridged based on membership in protected classes.

Both of these claims are similar to claims one and two, respectively. As a result, this Court recommends that they be dismissed without leave to amend as duplicative.

### IV.    Remaining federal claim

#### A.  Claim No. 7: Civil RICO

The Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. § 1961 et seq. provides a private right of action for "[a]ny person injured in his business or property" by a RICO violation. 18 U.S.C. § 1964(c). However, "Congress enacted RICO "to combat organized crime, not to provide a federal cause of action and treble damages" for every tort plaintiff. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002) (citation omitted). "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citation omitted). Moreover, "some nexus to interstate or foreign commerce is required as a jurisdictional element of a civil RICO claim." *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 153–54 (1987) (citing 18 U.S.C. § 1962(b), (c)). The offenses constituting "racketeering activity" are contained in 18 U.S.C. § 1961(1).

There are a few problems with Plaintiff's factual allegations. The conduct complained of does not qualify as racketeering activity,[1] and the injury was not caused to a business or property. As a result, this Court recommends that this claim be dismissed with prejudice as amendment would be futile.

### V.    State claims

The supplemental jurisdiction statute provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts in this circuit have explained that where state law claims arise from the same nucleus of operative fact as federal claims, a district court may properly invoke its supplemental jurisdiction over the state law claims. *See Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

Since Plaintiff must successfully state a federal claim to proceed with her case, this Court will not screen her potential state court claims at this time. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

It will note, nevertheless, that several of her state claims are duplicative. In addition, there are "claims" that are not recognized under Nevada State law. Moreover, claim number five, "fraud upon the court" is a basis for rescission or relief from a final judgment or order, rather than an independent cause of action for damages." *Lake v. Scheidt*, No. 20-cv-00850, 2021 WL

---

[1] As relevant to this complaint, "racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under specific provisions of Title 18 of the United states Code. 18 U.S.C. § 1961. The predicates Plaintiff lists do not qualify under this statute.

35559453, at *1 (D. Or. Aug. 11, 2021). Lastly, as to claim number six, to the extent Plaintiff is trying to assert a violation of NRS § 239.300, Plaintiff does not have a private right of action. *Black v. Sciver*, No. 1:16-cv-00841-DAD-JLT, 2016 WL 4594981, at *5 (E.D. Cal. Sept. 2, 2016) ("The majority of published decisions found by the court have declined to find a private civil cause of action created by a bare criminal statute.")

### VI.    Leave to Amend

If Plaintiff chooses to file an amended complaint, she must read this order carefully and attempt to cure the deficiencies that are present in her complaint. Importantly, she must allege facts showing how each named defendant is involved in each of the claims. Lastly, this Court reminds Plaintiff of her need to comply with Rule 8—this Court typically would not have screened a complaint (as this one) which was unnecessarily long. It did so because it recognizes that Plaintiff has been waiting for a while to obtain this order and rejecting it on that basis would have caused additional delay to her. In sum, should Plaintiff choose to amend, her complaint must be concise and to the point.

Plaintiff is further advised that if she files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, if she files an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged. This Court cannot refer to a prior pleading or to other documents to make his amended complaint complete. The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### VII.    Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *in forma pauperis* application (ECF No. 1) is **GRANTED**.

**IT FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS RECOMMENDED** that Plaintiff's claims against Defendant Clark County Justice Court be dismissed with prejudice as amendment would be futile.

**IT IS ORDERED** that Plaintiff's claims against Defendants Clark County and Las Vegas

Metropolitan Police Department be dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Claim No. 1 be dismissed with leave to amend.

**IT IS FURTHER ORDERED** that Claim No. 2 be dismissed with leave to amend.

**IT IS FURTHER RECOMMENDED** that Claim Nos. 3 and 4 be dismissed without leave to amend as duplicative.

**IT IS FURTHER RECOMMENDED** that Claim No. 7 be dismissed with prejudice as amendment would be futile.

**IT IS FURTHER ORDERED** that the remaining state-based claims are dismissed with leave to amend.[2]

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file an amended complaint, she must do so by April 20, 2026. Failure to comply with this order will result in a recommendation that this case be dismissed.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

---

[2] There is some misnumbering in the complaint. This Court is dismissing fraud on the court (which Plaintiff numbers as Claim No. 5), tampering with public records (which Plaintiff numbers as Claim No. 6), abuse of power (which Plaintiff numbers as Claim No. 10), fraudulent misrepresentation (which Plaintiff numbers as Claim No.11), malfeasance (which Plaintiff also numbers as Claim No. 11), and misfeasance (which Plaintiff also numbers as Claim No. 11).

**IT IS FURTHER ORDERED** that, with good cause appearing, the undersigned recuses herself in this action. This action is referred to the Clerk for random reassignment of this case for all further proceedings.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 18, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE