**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Yausmenda Freeman,

      Plaintiff

v.

Clark County, Nevada, et al.,

      Defendants

Case No. 2:25-cv-00006-JAD-BNW

**Order re: Objections to Report and Recommendation**

ECF Nos. 16, 19

Yausmenda Freeman brings this civil-rights action to redress her April 2, 2024, traffic stop and everything that happened in the legal process that followed it. Magistrate Judge Brenda Weksler screened Freeman's complaint and entered a report and recommendation for this district judge to dismiss with prejudice and without leave to amend her claims against Defendant Clark County Justice Court, her claims arising under the Nevada State Constitution, and her RICO claim.[1] Freeman objects. And her First Amended Complaint contains a Nevada constitutional claim.[2] For each objection raised, I review the magistrate judge's recommendation de novo and without deference.[3]

---

[1] 18 U.S.C. § 1961 et seq.

[2] ECF No. 20.

[3] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2(b). Freeman observes that the magistrate judge has recused from this case and asks that I conduct a "careful de novo review." ECF No. 19 at 4. I do so.

1

## I.      Claims against Defendant Clark County Justice Court

The magistrate judge recommends that Defendant Clark County Justice Court be dismissed as a defendant because that entity is considered an arm of the state and the doctrine of sovereign immunity bars claims against the state.[4]  Freeman argues that judicial immunity does not apply because the misconduct she alleges is administrative in nature.[5]  Freeman conflates sovereign immunity with judicial immunity.  The Eleventh Amendment to the United States Constitution immunizes states and arms of the state from being sued for damages in a civil-rights suit in federal court.[6]  Thus, the issue is *sovereign* immunity, not *judicial* immunity, so Freeman's judicial-immunity points don't apply.  If Freeman wants to sue the Clark County Justice Court, she'll have to do it in state court.  I thus overrule her objection in this regard and adopt the magistrate judge's recommendation to dismiss the claims against the justice court without leave to amend— but I do so without prejudice to her ability to bring such claims in state court where they are not barred by sovereign immunity.

## II.      Nevada Constitutional Claims

In her original complaint, Freeman brought claims for violations of Article I, Sections 8 and 21 of the Nevada State Constitution.  The magistrate judge recommends dismissal of those claims without leave to amend because she perceives these state-law

---

[4] ECF No. 16 at 3.

[5] ECF No. 19 at 3.

[6] *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court.").

2

claims as duplicative of Freeman's corollary claims brought under the U. S. Constitution.[7] Freeman objects.[8] Indeed, federal and state constitutional claims for due-process violations can proceed together at this nascent litigation stage. But Article I, Section 21 of the Nevada State Constitution is a poor fit for her claims. In her complaint, Freeman states that "Article 1, Section 21 of the Constitution of the State of Nevada provides that all persons are entitled to equal protection under the laws, mirroring the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution."[9] In fact, however, section 21 relates to marriages and does not provide a valid legal basis for her equal-protection claim. So I sustain Freeman's objection in part and overrule it in part, rejecting the magistrate judge's recommendation regarding her Nevada state due-process claim (which she has already re-asserted in her amended complaint), but adopting the magistrate judge's recommendation of dismissal of her Article I, section 21 claim (which Freeman did not reassert in her amended complaint).

**III.    Civil RICO Claim**

Freeman's original seventh cause of action is a claim brought under the Racketeer Influenced and Corrupt Organizations Act (RICO).[10] The magistrate judge recommends dismissing this claim with prejudice because the conduct complained of doesn't qualify as "racketeering activity" and there was no injury to business or property as required to

---

[7] ECF No. 16 at 9.

[8] ECF No. 19 at 3.

[9] ECF No. 14 at 31.

[10] ECF No. 17 at 38.

state such a claim.[11]  Freeman objects that "amendment may clarify [the] factual allegations" on which a RICO claim would rest.[12]  Pleading a RICO claim is not simple,[13] and it is only the exceptional case in which the elements can be met.  Freeman has not shown that this is such a case.  So I overrule her objection in this regard and adopt the magistrate judge's recommendation to dismiss Freeman's RICO claim.  But I do so without prejudice to her ability to file a motion for leave to amend to reassert such a claim in the unlikely event that discovery reveals facts to support one.

### Conclusion

**IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation [ECF No. 16] is adopted in part and rejected in part, and Plaintiff Yasumeda Freeman's objections [ECF No. 19] are sustained in part and overruled in part:**

- All claims against Defendant Clark County Justice Court are dismissed without prejudice but without leave to amend because they are barred in federal court based on sovereign immunity;

- Plaintiff's equal-protection claim under the Nevada State Constitution is dismissed without prejudice and without leave to amend at this time because the provision she relies on (article I, section 21) does not give rise to those rights;

---

[11] ECF No. 16 at 6–7.

[12] ECF No. 19 at 4.

[13] *See Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 613 (2025).

- But plaintiff's due-process claim under the Nevada State Constitution is dismissed without prejudice and with leave to amend (which plaintiff has already taken by filing the amended complaint and including this claim in it); and

- The RICO claim is dismissed without prejudice but also without leave to amend.

Because Freeman's amended complaint is consistent with these rulings, **nothing more is needed from Freeman at this time.  The amended complaint will be reviewed by the magistrate judge to whom this case was recently assigned,** and a screening order will issue in due course.  Because this court has hundreds of cases like this in the queue, **a screening order may take several months.**

_____
U.S. District Judge Jennifer A. Dorsey
April 28, 2026